# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY SHORTER, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. 16-1267 (WHW) <br> Civil Action No. 17-4476 (WHW) <br><br> MEMORANDUM & ORDER |

This matter has been opened to the Court by Petitioner Courtney Shorter's submission of a "Motion for Leave to File for Sanctions against the Government for Failing to Comply with the Court's Order to [R]espond to his 2255 Petition and to [E]nter Default Judgment" (Civ. Act. No. 16-1267, ECF No. 26), and his Reply Brief, which was docketed as a new habeas petition by the Clerk's Office. (*See* Civ. Act. No. 17-4476, at ECF No. 1.) It appearing that:

1. Petitioner's § 2255 motion in Civil Action Number 16-1267 was initially docketed on March 4, 2016, and his amended § 2255 motion was docketed on May 24, 2016. (ECF Nos. 1, 4.) The Court ordered the government to file an answer the motion on June 15, 2016.

2. The government failed to respond within the time provided by the Court's Order, and Petitioner submitted a letter application on March 3, 2017, seeking sanctions against the government for its failure to submit a timely answer. (ECF No. 14.) On March 15, 2017, the government sought a 45-day extension of time within which to answer the Petition, which was granted by the Court on May 4, 2017. (ECF Nos. 18, 21.)

3. The government filed its Answer on May 22, 2017. (ECF No. 22.)

1

4. On June 12, 2017, Petitioner filed a motion for leave to file for sanctions and default judgment against the government based on the government's failure to comply with the Court's Orders. (ECF No. 26.)

5. The Court will deny the motion for sanctions and default judgment. Federal Rule of Civil Procedure 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." *See United States v. Dill*, 555 F. Supp. 2d 514, 520 (E.D. Pa. 2008) (movant's evidence insufficient to establish claim for relief). Thus, "[e]ven if the Government . . . fail[s] to respond to [a] § 2255 motion, it does not follow that [the petitioner] is entitled to a default judgment." *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015). Moreover, as several courts have noted, the presumption against entry of a default judgment against the government is particularly strong when the moving party is a convicted criminal seeking habeas relief: "[W]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). For this reason, courts in this District have refused motions for sanctions against the government in § 2255 proceedings. *See, e.g., Solano v. United States*, Civ. No. 13-4696, 2015 WL 5177628, at *9 (D.N.J. Sept. 3, 2015) (Wigenton, J.); *Atkins v. United States*, Civ. No. 88-5106, 1990 WL 126196, at *3 (D.N.J. Aug. 27, 1990) (Wolin, J.)

6. Here, the government failed to comply with the Court's initial Order to Answer; however, it has complied with the Court's subsequent Order to Answer, and Petitioner has not

2

provided any facts showing that he has been prejudiced by the government's late filing. For these reasons, the Court will deny the motion for sanctions and default judgment.

7. On June 20, 2017, Petitioner submitted what appears to be his Reply to the government's Answer. That submission was docketed by the Clerk's Office as a new § 2255 motion. (*See* Civ. Act. No. 17-4476, ECF No. 1.) The Court will direct the Clerk of the Court to docket Petitioner's Reply (*see id.*) in Civil Action No. 16-1267 and close Civil Action No. 17-4476.

8. In his Reply, Petitioner asks the Court to strike the Government's late response to his § 2255 motion. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however "are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Jones v. United States*, No. 10–3502, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012) (quoting *River Road Dev. Corp. v. Carlson Corp.*, No. 89–7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)). Courts have "considerable discretion" in deciding a motion to strike under Rule 12(f). *Id.* The Court finds that there is no basis to strike the government's answer and will deny Petitioner's request.

**IT IS** therefore, on this __2__ day of __Butler__, 2017,

**ORDERED** that Petitioner's motion for sanctions and default judgment (Civ. Act. No. 16-1267, ECF No. 26), and his request to strike the government's Answer are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall docket the Petitioner's submission in Civil Action No. 17-4476 as Petitioner Reply to the government's Answer in Civil Action No. 16-1267; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** Civil Action No. 17-4476; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

William H. Walls
United States District Judge